**Ronald E. WALTON, Plaintiff–Appellant,**

v.

**J. BUTLER; et al., Defendants–Appellees.**

**No. 11–17480.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 17, 2012.

Ronald E. Walton, Sacramento, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monica N. Anderson, Esquire, Supervising Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, Thomas S. Patterson, Esquire, Supervisory, California Department of Justice, San Francisco, CA, for Defendants–Appellees.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

**MEMORANDUM ***

Ronald E. Walton, a former California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth Amendment and due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Walton's deliberate indifference claim because Walton failed to raise a genuine dispute of material fact as to whether defendants were aware of a risk to his safety. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (to state a claim for deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment on Walton's due process claim because Walton failed to raise a genuine dispute of material fact as to whether he was improperly denied procedural protections during his rules violation hearing. *See Wolff v. McDonnell,* 418 U.S. 539, 570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (explaining circumstances where a prisoner might be entitled to assistance during disciplinary hearings).

Walton's contentions concerning retaliation are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.